IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:10CR61

PAUL JACKSON GIBSON, JR.

**MEMORANDUM OPINION**

Paul Jackson Gibson, Jr., proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion") (ECF No. 27).  Gibson asserts entitlement to relief upon the following grounds:

Claim 1     Gibson failed to receive the effective assistance of counsel[1] because counsel failed to file an appropriate objection at sentencing.  (§ 2255 Mot. 5.)  "Prior to entering into a plea agreement with the government, Petitioner stipulated to a specific type and quantity of Methamphetamine that would be used to convict and sentence him."  (Id.)  "[A]fter the plea was accepted by [P]etitioner, the type and amounts changed. Counsel did not oppose or file timely objections challenging the sentencing under those terms."  (Id.)

Claim 2     Counsel failed to challenge the erroneous term of supervised release imposed by the Court.  (Id. at 6.)

The Government has responded.  (ECF No. 30.)  Gibson has filed a reply.  (ECF No. 33.)  For the reasons set forth below, Gibson's claims will be dismissed.

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

## I.   PROCEDURAL HISTORY

On March 10, 2010, pursuant to a plea agreement, Gibson pled guilty to conspiracy to distribute a mixture and substance containing a detectable amount of methamphetamine. (Plea Agreement ¶ 1, ECF No. 14.) The Government made no promise or representation regarding what sentence Gibson would receive. (Id. ¶ 5.) Gibson acknowledged that by pleading guilty he faced up to twenty years of imprisonment "and at least three years of supervised release." (Id. ¶¶ 1, 5.) In the Statement of Facts, Gibson submitted in conjunction with the Plea Agreement, Gibson agreed that:

> For purposes of relevant conduct . . . had the matter gone to trial, the United States could have proven beyond a reasonable doubt that from on or before April 22, 2009 and continuing up through and including June 2, 2009, the defendant did conspire to distribute . . . at least 30 grams, but less than 40 grams of methamphetamine, a Schedule II controlled substance.

(Statement of Facts ¶ 10, ECF No. 15.)

The Sentencing Guidelines distinguish between diluted and pure or "actual" methamphetamine. U.S. Sentencing Guidelines Manual § 2D1.1(c), n.(B) (2009) ("U.S.S.G."). Specifically, the Sentencing Guidelines provide:

> The terms "PCP (actual)", "Amphetamine (actual)", and "Methamphetamine (actual)" refer to the weight of the controlled substance, itself, contained in the mixture or substance. For example, a mixture weighing 10 grams containing PCP at 50% purity contains 5 grams of PCP (actual). In the case of a mixture or substance containing PCP, amphetamine, or methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level

2

> determined by the weight of the PCP (actual),
> amphetamine (actual), or methamphetamine (actual),
> whichever is greater.

Id.  Prior to sentencing, the Probation Office prepared a Presentence Report wherein it recommended that, for purposes of relevant conduct, Gibson should be held accountable for 15.33 grams of actual methamphetamine.  (Presentence Report ¶¶ 10-11.) The Presentence Report stated:

> Based on the purity level reported by laboratory
> analysis for all of the drugs involved, the actual
> amount of methamphetamine was calculated to be 15.33
> grams.  For guideline purposes, the defendant's
> offense level should be 26 reflecting a drug weight of
> approximately 15.33 grams of actual methamphetamine,
> pursuant to the United States Sentencing Guidelines
> (U.S.S.G.) § 2D1.1(c)(7) and Note B of the drug table.

(Id. ¶ 11.)[2]  The Presentence Report further recommended awarding a two-level enhancement for obstruction of justice (id. Worksheet A, at 1), and subtracting three levels for Gibson's timely acceptance of responsibility (id. at Worksheet D, at 1), which resulted in a total offense level of 25.  (Id.)  Gibson had a criminal history category of IV.  (Id.)  Gibson's resulting guideline range was 84-105 months.  (Id.)

Neither Gibson nor the Government objected to the Presentence Report.  (Def.'s Position on Sentencing 1, ECF No. 20; Gov't's Position on Sentencing 1, No. 19.)  Counsel for

---

[2]  The more than 30, but less than 40 grams of methamphetamine specified in the Statement of Facts, would have resulted in base offense level of 22.  See U.S.S.G. § 2D1.1(c)(9).

Gibson, however, filed a thirteen-page memorandum urging the Court to impose a variant sentence. (Def.'s Position on Sentencing 1-13.) Counsel argued, inter alia, that the sentencing disparity between the mixed amount of methamphetamine and the actual methamphetamine in the Sentencing Guidelines produced a sentence that is greater than necessary under the factors listed in 18 U.S.C. § 3553. (Def.'s Position on Sentencing 8-9 ("By creating two offense levels for the same drug, the Sentencing Commission has set up a punishment system with unwarranted disparities that allows for a greater penalty without a rational basis for it imposition.").) After lengthy argument at sentencing on this issue, the Court accepted the Presentence Report, denied Gibson's request for a variant sentence, and imposed a sentence of 84 months. (Sentencing Minutes 1-2, ECF No. 21; J. 2, ECF No. 22.) Additionally, the Court imposed a five-year term of supervised release. (J. 3.)

## II.   INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall

'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

### A. Claim 1

In Claim 1, Gibson faults counsel for not objecting to the Presentence Report's recommendation that, for relevant conduct purposes, Gibson's offense level should be based on the total diluted amount of methamphetamine described in the Statement of Facts, rather than the undiluted or actual amount of methamphetamine. (Mem. Supp. § 2255 Mot. 5.) Counsel reasonably eschewed making such an argument based on Gibson's acknowledgment in the Plea Agreement that the Government had made no promise as to what sentence Gibson would receive (Plea Agreement ¶ 5) and on the explicit guidance the Sentencing Guidelines provide on this issue. See U.S.S.G.

§ 2D1.1(c), n.(B).   Counsel's decision to pursue a variant sentence, rather than to raise fruitless objections, was reasonable.   Moreover, Gibson fails to demonstrate any reasonable probability of a different result had counsel pursued the objections Gibson urges here.   Because Gibson fails to demonstrate deficiency or prejudice, Claim 1 will be dismissed.

For the first time, in his Reply Brief, Gibson contends that counsel failed to object to the calculation of his criminal history.   Specifically, Gibson asserts that the Presentence Report improperly assigned "1 [p]oint for minor violence that was null processed and 2 points for probation."   (Reply 1.) Gibson's allegations lack merit.   The Presentence Report fails to indicate that Gibson received any points for a crime of violence.   (Presentence Report Worksheet C, at 1.)   Furthermore, the record indicates that Gibson appropriately received 2 points under U.S.S.G. § 4A1.1(d)[3] for committing the instant offense while serving a three-year term of probation for "Misdemeanor Driving Under the Influence, 2nd Offense" imposed by the Circuit Court of Gloucester County, Virginia on September 12, 2006. (Presentence Report Worksheet C, at 2; Presentence Report ¶ 27.) Because Gibson fails to demonstrate deficiency or prejudice with respect to these new allegations, they will be dismissed.

---

[3] "Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation . . . ."   U.S.S.G. § 4A1.1(d).

### B.   Claim 2

When he pled guilty, Gibson acknowledged that he would be required to serve "at least three years of supervised release." (Plea Agreement ¶ 1.)   The Court ultimately sentenced Gibson to a five-year term of supervised release.   (J. 3.)

Gibson's conviction for conspiracy to distribute a mixture and substance containing a detectable amount of methamphetamine was a Class C felony.   (Presentence Report 1.)   Gibson notes that the Sentencing Guidelines recommend that for Class C felonies, the Court should impose "[a]t least two years but not more than three years" of supervised release.   U.S.S.G. § 5D1.2(a)(2).   In Claim Two, Gibson contends that, in light of U.S.S.G. § 5D1.2(a)(2), counsel performed deficiently by not objecting to the five-year term of supervised release imposed by the Court.

Counsel reasonably eschewed pursuing the objection Gibson urges here.   Section 5D1.2(a)(2) of the Sentencing Guidelines

> is subject to the exception in § 5D1.2(c), which provides that the term imposed 'shall not be less than any statutorily required term of supervised release." Here, the relevant sentencing statute, 21 U.S.C. § 841(b)(1)(C), expressly trumps the generally applicable terms of supervised release set forth in 18 U.S.C. § 3583(b), which are the statutory bases for § 5D1.2(a).

United States v. Deans, 590 F.3d 907, 911 (8th Cir. 2010) (citing United States v. Scott, 243 F.3d 1103, 1107-08 (8th Cir. 2001)).   Because 21 U.S.C. § 841(b)(1)(C) authorizes a five-year

7

term of supervised release, the "imposition of five-year term was neither an upward departure nor a procedural error." Id.; see United States v. Jett, F. App'x 155, 157 (4th Cir. 2003) (citation omitted). Gibson fails to identify any argument that counsel could have made that would have persuaded the Court to impose a lesser term of supervised release. Because Gibson fails to demonstrate deficiency or prejudice, Claim 2 will be dismissed.

## V.   CONCLUSION

Gibson's claims will be dismissed. The § 2255 Motion (ECF No. 27) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Gibson has not satisfied this standard. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion to Gibson and counsel for the Government.

/s/   _REP_

Robert E. Payne
Senior United States District Judge

Date: August 25, 2014
Richmond, Virginia